■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARTLETT, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered June 2, 1987, which convicted defendant, after jury trial, of attempted murder in the second degree and sentenced him to a prison term of 12½ to 25 years, unanimously affirmed.

Defendant's guilt of attempted murder in the second degree was proven beyond a reasonable doubt by overwhelming evidence. The complainant, who testified at trial, was acquainted with the defendant and had dated defendant's former girlfriend. During the early morning hours of June 30, 1986, the defendant confronted complainant on a Bronx street and threatened that he would shoot him. Defendant dragged him down the street and several blocks later stopped and said "I'm going to have to kill you", and ordered him to empty his pockets. Defendant then swung at complainant and, using a sharp instrument, slit his throat. The complainant was rendered unconscious and when he regained consciousness had difficulty breathing. Upon reaching for his neck, his hand slipped inside his throat and he felt air coming out of the windpipe. He managed to flag a cab and arrive at Bronx Lebanon Hospital, where he required emergency tracheal surgery for what was described at trial as a "life threatening injury".

The primary issue on this appeal is defendant's claim that the trial court committed reversible error during the jury's deliberations when, upon receiving a note from the jury asking for an interpretation of the charges, the Judge initially failed to return the jury to the courtroom but, instead, permitted a court officer to speak to them. However, when viewed in full perspective, it is clear that the actions of the court did not violate defendant's right to a fair trial and do not warrant reversal.

The record reflects that in the presence of the defendant, defense counsel, and the ADA, and in the absence of the jurors, the Trial Judge stated, for the record, that he had received two notes from the jury. When the first note asking for "interpretation of the charges" was received, the Judge directed the court officer to return to the jury room to inquire if they wanted the elements of the crime. Five minutes later, the court received the second note, requesting that the elements of the charges be reread. It is unclear from the record whether the defendant was present when these notes were received.

On appeal, defendant claims that this incident violated his right to be present at all material stages of a trial, including the right to be present when the jury is given instructions (CPL 310.30), relying on *People v Ahmed* (66 NY2d 307) and *People v Mehmedi* (69 NY2d 759). However, these cases are clearly distinguishable from the instant situation. In *Ahmed,* the Trial Judge delegated to his law secretary the duty of answering several notes from the jury, rereading testimony and the charge, and otherwise supervising the jury's deliberations over the course of two full days. The Court of Appeals held that the defendant's right to a proper trial by jury was violated by this procedure because "the presence and active supervision of a judge constitute an integral component of the common-law right" *(supra,* at 312). In *Mehmedi,* the trial court, in response to a question from the jury, convened the attorneys and after consulting with them in framing an answer to the jury's question, sent a written response to the jury in the absence of the defendant. The Court of Appeals held that the absence of the defendant when the court instructed the jury violated his fundamental right to be present at a material stage of the trial as mandated by CPL 310.30. It emphasized that "CPL 310.30 makes a defendant's right to be present during instructions to the jury absolute and unequivocal" *(supra,* at 760).

The guiding principle of these cases, as here relevant, is

that a defendant has a right to be present at all material stages of his trial, and that the court's instructions in response to a request from the jury must be given in the presence of the defendant. The actions of the trial court here did not violate these principles. In ascertaining whether the jury wished the elements of the crimes reread, the court officer was essentially used as a messenger to deliver that question. Upon the jury's request to have the elements reread, the court immediately directed the jury to be returned to the courtroom and *in the presence of the defendant* gave the jury the requested instruction, in compliance with CPL 310.30. Since the defendant was present during the instruction to the jury, a material part of the trial, his right to a proper trial was not violated in that regard. While we do not condone the trial court's utilization of court personnel as was here done, and we caution against such practice in the future, there was no delegation of responsibility to the court officer in this case. He was merely used as a messenger for the ministerial act of delivering the Judge's inquiry to the jury, which did not amount to an improper delegation of supervisory authority. *(See, People v Morman,* 137 AD2d 838; *cf., People v Torres,* 72 NY2d 1007.)

Accordingly, the judgment should be affirmed. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.