■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCES PEREZ, Also Known as MARIA RODRIGUEZ, Appellant. —Judgment, Supreme Court, New York County (Franklin

Weissberg, J.), rendered February 20, 1990, convicting defendant, after a trial by jury, of two counts of murder in the second degree, three counts of arson in the first degree and one count of assault in the first degree, and sentencing her to five indeterminate terms of imprisonment of 20 years to life on the murder and arson counts and an indeterminate term of imprisonment of 7 and a half to 15 years on the assault count, all to run concurrently, unanimously affirmed.

Defendant was convicted of setting a fire in an apartment at 511 West 159th Street in the early morning hours of February 14, 1989, which resulted in the deaths of two persons and serious injuries to a third. On appeal, defendant contends that the evidence in this completely circumstantial case was insufficient to support a finding that she set the fire. However, a review of the record reveals that, viewing the evidence in a light most favorable to the prosecution (see, People v Giuliano, 65 NY2d 766), the jury reasonably concluded that the facts from which the inference of defendant's guilt was drawn were inconsistent with her innocence and excluded to a moral certainty every other reasonable hypothesis. Moreover, an independent review of the facts (CPL 470.15 [5]) reveals that the verdict was not against the weight of the evidence, and, indeed, that the evidence, while circumstantial, was overwhelming. The testimony at trial demonstrated that defendant had frequented the apartment on numerous occasions to smoke cocaine, that she had threatened to set the apartment on fire just a few hours before the fire broke out, and that, shortly before the fire, she was seen entering the building with a plastic jug and exiting five or ten minutes later without it. Additionally, two fire marshalls testified that, in their opinion, the fire had been deliberately set by ignition of a highly flammable liquid which had been poured onto the floor near the entrance to the apartment.

Contrary to defendant's argument, we find that the court's charge, taken as a whole, was adequate, in this circumstantial case, to inform the jury, in substance, that in order to find the defendant guilty, it was required to find that the inference of guilt was the only one that could fairly and reasonably be drawn from the facts, and that the evidence excluded beyond a reasonable doubt every reasonable hypothesis of innocence (People v Sanchez, 61 NY2d 1022). The court instructed the jury that the evidence must exclude "every supposition except that of the proof of the underlying act, i.e., guilt" and that the proven facts "must be inconsistent with [the defendant's] innocence." When taken together with the instruction that

the People were obligated to prove their case beyond a reasonable doubt, this sufficiently conveyed the proper standard to the jury. Defendant's other arguments directed to the propriety of the charge are not preserved for review (CPL 470.05).

Defendant also claims that it was improper to convict her of three counts of arson since she set only one fire. This argument is without merit. Defendant's arson resulted in serious physical injury to three separate persons, two of whom died. Since each such injury constituted an element of a separate crime of arson in the first degree (Penal Law § 150.20), defendant committed three distinct offenses and was properly convicted of three counts. *(See,* CPL 40.10.)

Finally, we find that the brief questioning of the jury foreman outside of defendant's presence regarding clarification as to which witness's testimony the jury wished to have read back was not a violation of defendant's right under CPL 310.30 to be present at all material stages of her trial *(see, People v Bartlett,* 160 AD2d 245). Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.