■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN THOMAS, Also Known as RONALD DAVIS, Appellant.— Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered July 9, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

In view of the defendant's testimony specifically contradicting essentially all of the police testimony regarding their observations of the narcotics sale and the circumstances of defendant's arrest, the trial court properly permitted rebuttal testimony by a police detective that, contrary to defendant's testimony, she did not participate in his arrest, as her role in an undercover capacity precluded her active participation in any drug-related arrest except in the circumstance (not present here) where an arresting officer's safety is endangered and that to her recollection there was no fourth man at the scene, as defendant had testified *(see, People v Alvino,* 71 NY2d 233, 248). While the testimony of the rebuttal witness also con-

tained some repetition of her earlier testimony, defendant failed to offer any objection thereto.

Although we have previously indicated that we do not condone use of court personnel to request jury clarification of a facially unclear note *(People v Bartlett,* 160 AD2d 245, 247, *lv denied* 76 NY2d 852), since in this case defendant and counsel were present when the jury was returned to the courtroom for instruction upon their clarified request (a material part of his trial), defendant's right to a proper trial was not violated, and the trial court did not improperly delegate its judicial duties by using the court clerk for the ministerial act of delivering the court's clarification request to the jury *(supra).* Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.