**Lance HATHAWAY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–5769.**

Court of Appeals of Alaska.

Nov. 1, 1996.

---

J. John Franich, Assistant Public Advocate, Fairbanks, and Brant G. McGee, Public Advocate, Anchorage, for Appellant.

---

Cynthia M. Hora, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

### OPINION

COATS, Judge.

Lance Hathaway was convicted, following a jury trial, of nine counts of arson in the first degree, a class A felony, and eight counts of assault in the third degree, a class C felony. AS 11.46.400(a); AS 11.41.220(a).[1] Superior Court Judge Richard D. Savell sentenced Hathaway to a composite sentence of twenty-five years of imprisonment with eight years suspended. Judge Savell placed Hathaway on probation for ten years following his release from confinement. Hathaway appeals his convictions and sentence. We affirm in part, reverse in part, and remand for further proceedings.

Lance Hathaway lived with his girlfriend in an apartment building in Fairbanks. The two-story apartment building had eleven units. Hathaway and his girlfriend lived in apartment number 9, which was on the second floor of the apartment building. On July 5, 1994, the landlord informed the girlfriend that Hathaway was not to reside at the apartment and if there was any trouble, the girlfriend would be evicted. On July 29, 1994, Hathaway returned to the apartment. Sometime around 7:30 p.m. on that date, Hathaway crumpled up some papers and threw them on top of his girlfriend's clothing, which was located in a laundry basket in their bedroom. Hathaway lit the papers on fire and left the apartment. A short time later, the apartment building burst into flames.

The nine residents and visitors in other apartments in the building at the time had to be evacuated. Eight of them testified to their fear at trial (the ninth was a three-year-old child). The fire caused significant property damage, serious enough that the building could not be lived in for several months.

The police suspected Hathaway of starting the fire from the beginning. Hathaway admitted to the police that he had started a fire, but said that he did not think that the small fire he had started could have spread to the rest of the building. However, investigation by the fire department ruled out the electrical and heating systems as possible causes of the fire. The investigator concluded that the fire had been deliberately set in the rear bedroom of apartment #9 in a laundry basket.

A Fairbanks grand jury indicted Hathaway on nine counts of arson in the first degree and eight counts of assault in the third degree. A jury convicted Hathaway of these charges. Hathaway contends on appeal that the state could not convict him of nine counts of arson in the first degree. Hathaway points out that he started but a single fire in the apartment and argues that the state could only convict him of a single count of arson based upon this evidence.

 Alaska Statute 11.46.400 defines the crime of arson in the following way:

Arson in the first degree. (a) A person commits the crime of arson in the first degree if the person intentionally damages any property by starting a fire or causing an explosion and by that act recklessly places another person in danger of serious physical injury. For purposes of this section, "another person" includes but is not limited to fire and police service personnel or other public employees who respond to emergencies, regardless of rank, functions, or duties being performed.

AS 11.46.410 provides:

Arson in the second degree. (a) A person commits the crime of arson in the second degree if the person intentionally damages a building by starting a fire or causing an explosion.

Arson appears to be at its roots a property crime. Common law arson is the malicious burning of the dwelling of another. Rollin M. Perkins and Ronald N. Boyce, *Criminal*

---

1. Hathaway was also convicted of the class A misdemeanor offense of driving while intoxicat-

ed. Hathaway has not appealed this conviction.

*Law,* page 273 (3d ed. 1982). In the Alaska Criminal Code the arson statutes are located in Chapter 46 which contains offenses against property. In *Machado v. State,* 797 P.2d 677, 687 (Alaska App.1990), we discussed arson, referring to it as a crime which "prohibits the intentional damage of property." In *Machado,* the defendant assisted in placing a bomb in his victim's car. The bomb exploded, severely injuring the victim and a bystander. The state convicted Machado of attempted murder, arson in the first degree, and assault in the first degree. Machado argued that convicting him of all these offenses was a violation of double jeopardy because all the offenses arose from a single act, the car bombing. In deciding that the state could convict Machado of arson as well as the other charges, we stated:

> We similarly conclude that Machado was subject to separate punishment on the conviction for arson. This count charged Machado with intentionally damaging [the victim's] auto by causing an explosion and, by that act, with recklessly placing another person in danger of serious physical injury. AS 11.46.400(a). *The arson statute is distinct in that it prohibits the intentional damage of property, and therefore protects different societal interests than the attempted murder and assault statutes.* We conclude that Machado's conviction for arson did not violate double jeopardy.

*Id.* (emphasis added). Against this background, it appears to us that the legislature intended the crime of arson to criminalize intentionally damaging property (or, in the case of second degree arson, a building) by starting a fire or causing an explosion. The state cites no legislative history from Alaska or arson cases from jurisdictions with similar statutes that would support a contrary interpretation of Alaska's first-degree arson statute.

The legislative history of Alaska's Criminal Code shows that Alaska's arson statutes were derived from Model Penal Code § 220.111. Alaska Criminal Code Revision Commission Report to the Ninth Legislature, *Alaska Criminal Code Revision Preliminary Report,* at 7, 12 (1976); Alaska Dept. of Law, *Criminal Law Manual,* at 6–15 (1985). The commentary to the Model Penal Code is consistent with our decision that the legislature intended to treat arson as fundamentally a property crime.[2] *Model Penal Code and Commentaries,* § 220.1 at 21–22 (1962).

■ In the instant case, the state only charged Hathaway with setting one fire and damaging one piece of property: the apartment building. Each count of arson was differentiated only by the fact that each count listed a separate victim who had been placed in danger of serious physical injury. We agree with Hathaway that merely listing a separate victim in each count of the indictment was not sufficient to support separate convictions for arson. We accordingly conclude that the state could only convict Hathaway of one count of arson in the first degree.[3]

■ Hathaway next contends that the double jeopardy clause of the Alaska Constitution prohibits the state from convicting him for both arson and assault. In *Whitton v. State,* 479 P.2d 302 (Alaska 1970), the Alaska Supreme Court set out the test for determining whether a single act that violates two statutes constitutes more than one offense under the double jeopardy clause of the Alaska Constitution.

> The trial judge would first compare the different statutes in question, as they apply to the facts of the case to determine whether there were involved differences in intent or conduct. He would then judge any such differences he found in light of the basic interests of society to be vindicat-

---

2. Moreover, a contrary interpretation of this statute would arguably convert first-degree arson into a specialized form of assault, requiring the offense to merge with separate assault charges. *Cf. People v. Perez,* 173 A.D.2d 162, 569 N.Y.S.2d 72, 73 (1st Dept.1991) (interpreting New York first-degree arson statute, which requires proof of actual injury, to allow a separate count for each victim of the arson).

3. In this case, the state charged Hathaway with intentionally damaging only one piece of property: the apartment building. This would only allow the state to convict Hathaway of a single count of arson in the first degree. However, we specifically do not decide whether the state could have charged Hathaway with several counts of arson by charging that he intentionally damaged several separate apartments.

ed or protected, and decide whether those differences were substantial or significant enough to warrant multiple punishments. The social interests to be considered would include the nature of personal, property or other rights sought to be protected, and the broad objectives of criminal law such as punishment of the criminal for his crime, rehabilitation of the criminal, and the prevention of future crimes.

*Id.* at 312.

Arson in the first degree requires proof that (1) the defendant started a fire or caused an explosion with the intent to damage any property, (2) that the fire or explosion damaged the property, and (3) that the defendant in doing so recklessly placed another person in danger of serious physical injury. AS 11.46.400(a). Assault in the third degree requires proof that (1) the defendant recklessly placed another person in fear of imminent serious physical injury, and (2) did so by means of a dangerous instrument. AS 11.41.220(a)(1)(A).

As we have previously pointed out, arson is by origin a property crime. Arson in the first degree is an aggravated offense where the defendant recklessly places another person in danger of physical injury. *Mossberg v. State,* 733 P.2d 273, 275 (Alaska App.1987); *Machado v. State,* 797 P.2d 677, 687 (Alaska App.1990). Where the crime committed goes beyond placing another person in danger of physical injury but actually results in injury to that person, courts in this state have concluded that double jeopardy does not prevent a separate conviction for that additional injury. *Jacinth v. State,* 593 P.2d 263, 266–67 (Alaska 1979) (defendant could be convicted for both arson and manslaughter); *Machado v. State,* 797 P.2d 677, 686–87 (Alaska App.1990) (defendant could be convicted of attempted murder, assault in first degree, and arson in the first degree). We accordingly conclude that Hathaway's conviction for arson did not preclude his convictions for assault.

Hathaway next contends that the double jeopardy clause of the Alaska Constitution prohibits multiple assault convictions for eight separate victims. He contends that a single act of setting a fire should not result in eight separate convictions for the eight separate people the state showed had been placed in fear of imminent physical injury by his acts. Hathaway recognizes that his argument is foreclosed by *State v. Dunlop,* 721 P.2d 604, 609 (Alaska 1986), where the supreme court stated:

> When several deaths or injuries occur in the course of a single incident, the *offense* prohibited by the statute has been violated several times over. The identity of the victim represents different conduct—it represents conduct directed at that victim.
>
> Instead of focusing on the accused's intent we must look at the consequences. Where an act of violence injures multiple victims, there are as many punishable *offenses* as there are victims.

(Footnote omitted) (emphasis in original). Hathaway argues that *Dunlop* was incorrectly decided. However, we are bound by *Dunlop. State v. Fremgen,* 889 P.2d 1083, 1085 (Alaska App.1995) ("as a lower court within the state court system, we are bound by the decisions of the Supreme Court of Alaska"). We accordingly conclude that Hathaway's convictions for arson in the first degree must merge into a single count. We affirm his eight convictions for assault in the third degree. Since we have modified Hathaway's convictions, the superior court on remand must resentence Hathaway. It is therefore premature for us to consider whether Hathaway's sentence is excessive.

REMANDED.