■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant. [650 NYS2d 643] —Judgment, Supreme Court, New York County (Thomas Galligan, J., at suppression hearing; Antonio Brandveen, J., at trial and sentence), rendered November 28, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's motion to suppress was properly denied. "[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (*People v Prochilo*, 41 NY2d 759, 761), and the court was clearly warranted in finding credible the police account of what had happened. As for the jury's finding of guilt, it was fully supported by the weight of the evidence.

Defendant was not entitled to an adverse inference charge, and therefore is not in a position to complain that the adverse inference charge actually given was inadequate. Since *Rosario* material relates solely to a witness's direct testimony (*see, People v Stern*, 226 AD2d 238, *lv denied* 88 NY2d 969), and the fact that the subject chemist had performed a mass spectrometry test was educed in the course of defendant's cross-examination and not during the prosecution's direct case, the lab book was not *Rosario* material in the first instance. Yet, even if the lab book were *Rosario* material, the adverse inference charge would still have been unnecessary because the usual remedy for delayed *Rosario* disclosure is to have the relevant witness recalled for additional cross-examination (*compare, People v Goins*, 73 NY2d 989, *with People v Brown*, 67 NY2d 555, *cert denied* 479 US 1093), and the People offered to make the witness available for further cross-examination, which the defense refused.

Since there was no reasonable view of the evidence that

would support a finding that defendant committed the lesser offense but not the greater (*see, People v Glover*, 57 NY2d 61), the court properly denied the defense request to submit to the jury seventh-degree criminal possession of a controlled substance as a lesser included offense of third-degree possession.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.