■ The People of the State of New York, Respondent, v Hassan Jackson, Appellant. [655 NYS2d 17] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered January 14, 1992, convicting defendant, after a jury trial, of attempted murder in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of imprisonment of 15 years to life, 4 to 8 years, 2 to 6 years and 2 to 6 years, respectively, and two orders of the same court and Justice, entered on or about June 9, 1995 and September 11, 1995, which denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10 and his mo-

tion to reargue and renew the denial of his motion, respectively, unanimously reversed, on the law, the motions granted, the judgment vacated and the matter remanded for a new trial.

The Police Internal Affairs Division (IAD) reports withheld from the defense contained entries that were significantly at variance with the prosecution's evidence at trial and were clearly evidence that was favorable to the accused (*Brady v Maryland*, 373 US 83; *United States v Bagley*, 473 US 667; *Kyles v Whitley*, 514 US 419) The failure to turn over specifically requested IAD reports was error because there was a "reasonable possibility" that the verdict would have been different (*People v Vilardi*, 76 NY2d 67, 77). The fact that it was the police and not the prosecution which withheld the evidence is immaterial (*People v Novoa*, 70 NY2d 490).. The good faith of the prosecutor, who was frustrated by the lack of police cooperation, is also immaterial (*People v Rutter*, 202 AD2d 123, 131).

Contrary to the People's contention, the non-disclosed police blotter entry related to the subject matter of the arresting officer's testimony (CPL 240.45 [1] [a]; *People v Watkins*, 157 AD2d 301, 313). While the arresting officer appears to be the obvious and stated source of the information in the police blotter entry made prior to her testimony, the trial court shall hold a hearing to confirm her as the source of the information (*People v Young*, 79 NY2d 365, 372).

The trial court's failure to review Officer Togans' personnel file was also error. Officer Togans was the sole source of the People's version of the altercation and that portion of the chase where the shot or shots were allegedly fired. The defense made the requisite showing necessary for the trial court to review Officer Togans' personnel file pursuant to section 50-a of the Civil Rights Law: he had moonlighted at that bar in the past; he was acting as if he was working as a bouncer on the night of the shooting incident; and, he had been suspended from the force on at least one prior occasion. To require the defense to know the precise contents of the very file it is seeking is putting the cart before the horse.

Defendant's statement to a police officer concerning his age was properly admitted at trial. The People do not have to serve notice of a statement where, as here, the statement concerns defendant's pedigree and the questions were not designed to inculpate defendant (*People v Rodney*, 85 NY2d 289). Concur— Wallach, J. P., Nardelli, Rubin, Williams and Andrias, JJ.