■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY COLSELBY, Also Known as RODNEY SELBY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRELL JAMISON, Appellant. [659 NYS2d 5] —Judgments, Supreme Court, New York County (Richard Andrias, J.), rendered February 4, 1994, convicting defendants, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing defendant Colselby, as a second felony offender, to a term of 6 to 12 years, and defendant Jamison, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, it was legally sufficient to establish defendants' guilt beyond a reasonable doubt (*People v Contes*, 60 NY2d 620). Moreover, the verdict was not against the weight of the evidence. There was ample evidence of possession with intent to sell while acting in concert. We see no reason to disturb the jury's credibility determinations (*see, People v Gaimari*, 176 NY 84, 94).

Defendant Jamison's suppression motions were properly denied. The police had probable cause to believe that defendants were engaged in a narcotics transaction in light of the observations of the trained officers who testified they observed both defendants participating in hand-to-hand transactions in a drug-prone neighborhood early in the morning, even though the objects transferred could not be precisely identified (*People v Schlaich*, 218 AD2d 398, *lv denied* 88 NY2d 994). Moreover, defendant Jamison was not arrested until the second buyer was found in possession of vials of crack, moments after the observed sale. Further, Jamison's subsequent statements to the police were not made in response to police interrogation and were voluntary and spontaneous (*People v Lynes*, 49 NY2d 286, 294).

Defendant Colselby's contention that the court erred in denying a challenge to a prospective juror for cause has not been preserved for appellate review since counsel for Jamison challenged the juror and his own attorney did not join in that motion (CPL 470.05 [2]; *People v Buckley*, 75 NY2d 843). Review in the interest of justice is unwarranted since the court properly exercised its discretion in denying the challenge in light of the fact that the prospective juror never demonstrated an inability or unwillingness to follow the court's instructions or to serve as a fair and impartial juror (CPL 270.20 [1] [b]; *People v Smyers*, 167 AD2d 773, *lv denied* 77 NY2d 967).

Assuming arguendo that the Port Authority Property Log constituted *Rosario* material and that it was either made by the officer who testified with respect to it or contained information written by someone who directly heard his statement concerning the information (*see, People v Jackson*, 237 AD2d 179), the withheld material nevertheless came to light at a time when the court could fashion an appropriate remedy that prevented any prejudice to defendant (*compare, People v Thompson*, 71 NY2d 918), and the court permitted defense counsel to cross-examine the officer with respect to the material, although the defense refused (*see, People v Brown*, 234 AD2d 15, *lv denied* 89 NY2d 984). Therefore, neither a hearing nor a new trial is warranted. The court properly permitted the officer to refresh his recollection with the log on rebuttal (*see,* CPL 260.30 [7]; *People v Harris*, 57 NY2d 335, 344-346, *cert denied* 460 US 1047; *People v Thomas*, 190 AD2d 541, *lv denied* 81 NY2d 1021) and properly refused to allow the defense an adjournment to secure the presence of an incarcerated defense witness, who had previously testified, for further testimony, of speculative value, on surrebuttal (*see, Matter of Anthony M.,* 63 NY2d 270, 283-284).

We perceive no abuse of discretion in sentencing.

We have reviewed each defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Tom and Colabella, JJ.