■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO CARIONE, Also Known as ANTONIO CARRION, Appellant. [664 NYS2d 297] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), rendered April 6, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant failed to preserve his claim that the prosecutor's summation and the court's instructions concerning the description of the seller misstated the evidence, and we decline to review it in the interest of justice. Were we to review it, we would find that the challenged comments and instructions were based on a fair interpretation of the evidence.

The People had no obligation to give defendant pretrial notice of a pedigree statement that they did not introduce on their direct case (*see*, *People v Rodney*, 85 NY2d 289, 293; *People v Jackson*, 237 AD2d 179, *lv denied* 89 NY2d 1095). The statement fell within the pedigree exception and, in any event, the People had no intention of introducing it (*see*, CPL 710.30 [1] [a]) and did not in fact do so until defendant opened the door to its introduction.

Defendant's claim of ineffective assistance of counsel would require a CPL article 440 motion in order to develop the record as to matters relating to counsel's trial strategy (*People v Rivera*, 71 NY2d 705, 709; *People v Love*, 57 NY2d 998).

We have considered defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Wallach, Tom, and Andrias, JJ.