■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BASKETT, Appellant. [671 NYS2d 1000] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered March 21, 1996, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly exercised its discretion in denying the defendant's challenge to a prospective juror for cause because he expressed concern about his personal finances due to time missed from work. Upon being questioned, the juror gave no indication that he was unable or unwilling to follow the court's instructions, or that he would have any difficulty rendering an impartial verdict based upon the evidence adduced at trial (*see, e.g., People v Williams*, 63 NY2d 882, 885; *People v Blyden*, 55 NY2d 73; *People v Pagan*, 191 AD2d 651, 652; *see also, People v Holder*, 204 AD2d 482; *People v Dunkley*, 189 AD2d 776, 777; CPL 270.20 [1] [b]). Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL LEE BROOKS, Appellant. [671 NYS2d 1007] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered September 6, 1995, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record indicates the clear intent of the court to condition the promised sentence upon the defendant's appearance on the date scheduled for sentencing. Because the defendant absconded and failed to appear on the scheduled date, the court was no longer bound by its promise and was free to impose a higher sentence (*see, People v Gwynn*, 201 AD2d 501; *People v Gamble*, 111 AD2d 869).

The defendant's remaining contention is without merit. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.