■ The People of the State of New York, Respondent, v Paul Faison, Appellant. [671 NYS2d 1004] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered March 21, 1996, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his claim that the trial court should have excused a prospective juror for cause, since he did not join in his codefendant's application to challenge the juror (see, e.g., People v Colselby, 240 AD2d 227, lv denied 90 NY2d 906, 1010, 1014; People v Scott, 197 AD2d 644; CPL 270.15 [4]; 470.05 [2]).

In any event, the court did not improvidently exercise its discretion in denying the codefendant's motion to strike the prospective juror for cause (see, People v Baskett, 250 AD2d 774 [decided herewith]). Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.

■ The People of the State of New York, Respondent, v Corey M. Ford, Appellant. [671 NYS2d 1004] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered December 11, 1995, convicting him of kidnapping in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant knowingly, voluntarily, and intelligently waived his right to appeal the denial of his suppression motion, there are no reviewable issues presented with regard to that denial (see, People v Callahan, 80 NY2d 273, 285). The defendant's claim of ineffective assistance of trial counsel rests upon matters outside the record and is not amenable to appellate review on the appeal from the conviction (see, People v Lebrun, 234 AD2d 392; People v Simon, 196 AD2d 851). Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.