■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO RODRIQUEZ, Appellant. [749 NYS2d 751] —Appeal from a judgment of Onondaga County Court (Burke, J.), entered September 3, 1996, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and as a matter of discretion in the interest of justice and a new trial is granted on counts one, two and three of the indictment.

Memorandum: In *People v Rodriquez* (286 AD2d 1003), we granted defendant's motion for a writ of error coram nobis and vacated the order affirming a judgment convicting him after a jury trial of conspiracy in the second degree (Penal Law § 105.15), criminal possession of a controlled substance in the first degree (§ 220.21 [former (1)]), and criminal possession of a controlled substance in the third degree (§ 220.16 [1]; *see People v Rodriquez*, 247 AD2d 841, *lv denied* 91 NY2d 977).

On this appeal de novo, defendant contends that he was arraigned on a superseding indictment, and thus County Court lacked jurisdiction to try him on the original indictment. We disagree. The record establishes that defendant was arraigned and tried on the original indictment, and thus the court had jurisdiction (*see generally* CPL 200.80). The further contention of defendant that the court erred in denying a challenge for cause to a prospective juror is not preserved for our review "since he did not join in his codefendant's application to challenge the juror" (*People v Faison*, 250 AD2d 777, 777, *lv denied* 92 NY2d 924; *see People v Colselby*, 240 AD2d 227, 227, *lv denied* 90 NY2d 1010). We nevertheless exercise our power to address that contention as a matter of discretion in the interest of justice, and conclude that the court erred in denying the challenge for cause. As we determined on the appeal of the codefendant, "the prospective juror gave equivocal responses concerning his impartiality and did not state unequivocally that his prior state of mind would not influence his verdict. We must therefore reverse the judgment and grant a new trial" (*People v Escoto*, 283 AD2d 962, 963, *lv denied* 96 NY2d 901, citing *People v Blyden*, 55 NY2d 73, 78-79, *People v Burdo*, 256 AD2d 737, 741, and *People v Brzezicki*, 249 AD2d 917, 918-919).

In view of our determination, there is no need to address the remaining contentions raised by defendant. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.