THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HILL, Appellant. [752 NYS2d 454] —Appeal from a judgment of Erie County Court (D'Amico, J.), entered July 24, 2000, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the first degree (Penal Law § 140.30 [4]), robbery in the first degree (§ 160.15 [4]), reckless endangerment in the first degree (§ 120.25) and petit larceny (§ 155.25). Defendant contends that the conviction of burglary and robbery in the first degree should be reduced to burglary and robbery in the second degree because

he met his burden of establishing the affirmative defense to those crimes, i.e., that the gun was inoperable (§ 140.30 [4]; § 160.15 [4]). Defendant failed to join in codefendant's request to charge that affirmative defense or in codefendant's motion to reduce the conviction of those crimes based on that affirmative defense and thus has failed to preserve his present contention for our review (*see generally People v Rodriquez*, 299 AD2d 875). In any event, that contention lacks merit. The People presented evidence at trial that, as defendant pointed the gun to his cousin's head, he said "sorry cousin." He then pulled the trigger two to three times, and the gun "clicked" but did not fire. Defendant later admitted to the police that the gun was "real" and "loaded."

Although we agree with defendant that County Court erred in admitting the testimony of a prosecution witness concerning prior bad acts of defendant, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see People v Gates*, 234 AD2d 941, *lv denied* 89 NY2d 1011). Defendant waived his challenge to the legal sufficiency of the evidence (*see People v Hines,* 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). The prosecutor's remarks during summation did not deny defendant a fair trial (*see generally People v Galloway,* 54 NY2d 396, 401), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.