■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WHITE, Appellant. [771 NYS2d 759]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 17, 2001. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and harassment in the second degree (§ 240.26 [1]). Contrary to defendant's contention, County Court did not improperly delegate a judicial function when it used a court officer "to request jury clarification of a facially unclear note" (*People v Thomas,* 190 AD2d 541, 542 [1993], *lv denied* 81 NY2d 1021 [1993]). "[T]here is no proof in the record that the court officer delivered any instructions to the jury or performed any functions 'other than ministerial in nature' " (*People v Coles,* 249 AD2d 32, 32-33 [1998], *lv denied* 92 NY2d 849 [1998]; *see People v Bartlett,* 160 AD2d 245, 246-247 [1990], *lv denied* 76 NY2d 852 [1990]). We reject defendant's additional contention that the court failed to charge the jury properly with respect to criminal contempt in the first degree (*see* CJI2d[NY] Penal Law § 215.51 [b] [v]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray,* 86 NY2d 10, 19 [1995]). We further conclude that the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]) and that defendant received meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present— Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Kehoe, JJ.