People v Manley (2025 NY Slip Op 05171)

People v Manley

2025 NY Slip Op 05171

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Ind. No. 3214/19|Appeal No. 4760|Case No. 2022-05269|

[*1]The People of the State of New York, Respondent,
v
Tony Manley, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Steven Berko of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered October 19, 2022, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years and 7 years, respectively, unanimously affirmed.
Defendant was charged with assaulting a man outside a men's shelter in Manhattan. During jury selection, the court instructed the prospective jurors as to the location and the nature of the incident. When answering the court's initial questionnaire, prospective juror number four indicated that he had attended school in the neighborhood where the incident occurred. Later in the day, prospective juror number four alerted a court officer that he recognized defendant from the neighborhood around the shelter. The court noticed the conversation while questioning other potential jurors, paused the questioning, and asked the officer to approach and explain the nature of the conversation. The court then dismissed prospective juror number four.
Defendant's claim on appeal that the court impermissibly delegated its authority to the court officer is unpreserved (CPL 470.05[2]). Further, there was no improper delegation of judicial authority when the court excused the prospective juror. Accordingly, there was no mode of proceedings error exempt from preservation requirements (see People v Agramonte, 87 NY2d 765, 770 [1996] [explaining that a mode of proceedings error is a narrow exception to the preservation requirement reserved for "[o]nly fundamental defects in judicial proceedings"]).
In relaying a message received from a prospective juror to the court, the court officer was fundamentally performing a ministerial function (see People v Williams,21 NY3d 932, 935 [2013]). The court did not relinquish supervision or control of the proceedings, and the court officer did not inquire into the prospective juror's fitness at the direction of the court. The court officer merely communicated an issue raised by a prospective juror to the court, which "made its own determination" about the proper course of action (see e.g. People v Singletary, 66 AD3d 564, 566 [1st Dept 2009], lv denied 13 NY3d 941 [2010]). This does not amount to an "improper delegation of supervisory authority" to the court officer, who was essentially serving as a messenger (People v Bartlett, 160 AD2d 245, 246 [1st Dept 1990], lv denied 76 NY2d 852 [1990]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025