■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY SANZA, Appellant. [607 NYS2d 299] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 22, 1987, convicting defendant, after a jury trial, of

murder in the second degree and rape in the first degree, and sentencing him to concurrent terms of 25 years to life and 8⅓ to 25 years, respectively, to run consecutively to 12 concurrent Florida prison terms of from 3 years to life, unanimously affirmed.

Defendant's first conviction for murder in the second degree and rape in the first degree was reversed by this Court because of a *Molineux* violation *(People v Molineux,* 121 AD2d 87). Defendant's claim that he was denied *Brady* material *(Brady v Maryland,* 373 US 83) at his first trial is without merit. Assuming, arguendo, the merit of this claim, with reference to his first trial, that alleged deprivation is unrelated to the foreign witness' non-appearance at defendant's subsequent trials. In any event, there was an insufficient showing that the witness could contribute any material testimony.

The court correctly denied defendant's motion to bar this second re-trial on double jeopardy grounds *(see, People v Perez,* 169 AD2d 654, *lv denied* 77 NY2d 999). This Court's dismissal of defendant's subsequent CPLR article 78 petition based on this contention *(Matter of Sanza v Morgenthau,* 134 AD2d 966, *appeal dismissed* 72 NY2d 994) constitutes a *res judicata* bar to any further judicial consideration of it *(People v Di Raffaele,* 55 NY2d 234, 243).

In sentencing defendant, the trial court properly considered the particularly brutal nature of this crime and defendant's extensive record of similar violent behavior. In the circumstances we do not find the sentence imposed to be unduly harsh and we decline to reduce it.

We have considered defendant's remaining claims and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross and Nardelli, JJ.