*651 OPINION OF THE COURT
Victor M. Ort, J.
The issue in this motion is whether a sentencing court retains, discretion to impose a minimum of less than one-half the maximum when imposing an indeterminate sentence upon a class D violent felon. For the reasons stated below, this court holds that it has such discretion.
This is an application by the People pursuant to CPL 440.40 to set aside sentence upon the ground that it was invalid as a matter of law. This matter was tried before this court in January 1997 and resulted in a deadlocked jury. On April 1, 1997 defendant entered a plea of guilty to the class D violent felony offense of attempted burglary in the second degree in satisfaction of the indictment. On April 29, 1997, pursuant to the court’s commitment, defendant was sentenced to an indeterminate term of one to three years. On May 22, 1997 the People moved to set aside that sentence claiming that under Penal Law § 70.02 (4) the court was required to impose a sentence of not less than IV2 to 3 years.
This case calls into question the apparent contradiction in the recently enacted Sentencing Reform Act of 1995 (L 1995, ch 3) between Penal Law § 70.02 (4) and § 70.02 (2) (b). Section 70.02 (4) of the Penal Law sets forth that "The minimum period of imprisonment under an indeterminate sentence for a violent felony offense must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence.”[1] Section 70.02 (2) (b) provides in relevant part that, "[e]xcept as provided in subdivision five [pertaining to pleas entered in satisfaction of indictments charging armed felonies], the sentence imposed upon a person who stands convicted of a class D violent felony offense * * * must be in accordance with the applicable provisions of this chapter relating to sentencing for class D felonies.” Penal Law § 70.00 (3) provides that, "The minimum period of imprisonment under an indeterminate sentence shall be at least one year and shall be fixed as follows * * * (b) * * * Where the sentence is for any other felony [i.e., for a class D or class E felony], the minimum period shall be fixed by the court and specified in the sentence and shall be not less than one year nor more than one-third of the maximum *652 term imposed.” Thus, the question to be resolved is when a defendant stands convicted of the class D violent felony offense of attempted burglary in the second degree, does section 70.02 (4) control — requiring a minimum up-State sentence of V-h to 3 years — or does section 70.00 (3) as incorporated by section 70.02 (2) (b) control, authorizing a sentence of one to three years? Or, stated otherwise, did the Legislature intend to void a sentencing court’s discretion when dealing with an unarmed D violent felony when it amended subdivision four in 1995?
Sifted down, the argument of the People is to the effect that once a court decides to impose an indeterminate sentence the new language requires the court to set the minimum at one-half the maximum. Defendant counters with the argument that the specific provisions of subdivision (2) (b), which grant a court a wide range of sentencing alternatives with unarmed D violent felonies, were not altered by the recent general amendment to subdivision (4).
The court holds that the traditional sentencing structure applies and that there is discretion to impose a one-to-three-year sentence herein. Without question, class B, class C and armed class D violent felons must be sentenced to a minimum sentence of one-half the maximum. As to class D violent felony offenses which are not armed, the court holds that it is permissive to impose a minimum of one-half the maximum but it is not mandatory. Penal Law § 70.02 (2) (a) provides that as to the sentence imposed upon a person who stands convicted of a class B or class C violent felony offense, the minimum period of imprisonment must be in accordance with subdivision (4) requiring a minimum of one-half the maximum. However, as can be seen from the above-quoted language, section 70.02 (2) (b) refers not to subdivision (4), but rather to "the applicable provisions of this chapter relating to sentencing for class D felonies.” Moreover, while section 70.02 (2) (a) was amended in the Sentencing Reform Act of 1995 to accommodate the statutory scheme providing for determinate sentences, section 70.02 (2) (b) was left totally intact.[2]
It is a well-settled principle of statutory interpretation that when a general and a particular provision of a statute conflict, *653 the particular provision controls. McKinney’s Consolidated Laws of NY, Book 1, Statutes § 238 (at 404-405) provides:
"Whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular enactment is inapplicable * * *
"The particular provision, in other words, is considered in the nature of an exception to the general where the two are incompatible, and so far as the particular intention is applicable, the general intention yields.”
Applying this basic principle of statutory interpretation, the court holds that section 70.02 (2) (b) controls when dealing with unarmed violent class D felons and the court is authorized to impose a sentence of one to three years. This conclusion is buttressed by the fact that Penal Law § 70.00 (4) authorizes the court to impose a definite term of a year or less for any unarmed class D felony (violent or not), and that Penal Law § 60.01 (2) (d) authorizes the court to impose straight probation. A fortiori, since the court is authorized to impose a definite term or probation (no incarceration at all), it must be held that the same court is authorized to impose an indeterminate term with a minimum limited to one-third the maximum.
Penal Law § 70.02 (2) (b) was last amended in 1993 (L 1993, ch 291) to add second degree criminal sale of a firearm to the list of class D violent felony offenses for which the class D general sentencing provisions were inapplicable. It is noteworthy that in his Memorandum approving the 1993 amendment, the Governor stated that the bill would "provide flexibility to the courts to recognize that in certain instances institutional confinement may not be necessary for the protection of the public.” (Governor’s Mem approving L 1993, ch 291, 1993 McKinney’s Session Laws of NY, at 2889.) Thus, flexibility in sentencing for class D violent felony offenses is historically part of the sentencing scheme. Finally, the court notes that prior to the recent amendment of the Penal Law, a sentence of one to three years was clearly authorized. Had the Legislature intended to restrict the court’s power to impose such a sentence for any unarmed class D violent felony, it would have done so in clearly expressed terms.
Accordingly, the court is of the view that a sentence of one to three years is an authorized disposition for the class D violent felony offense of attempted burglary in the second degree. *654 Since the sentence which was imposed is not invalid as a matter of law, the People’s motion to set aside that sentence is in all respects denied.

. Prior to the amendment, the minimum was required to be set at one-third the maximum unless the conviction was for a class B armed felony offense in which case the court had discretion to impose a minimum of from one-third to one-half the maximum.

. The New York State Senate Memorandum in Support of the Sentencing Reform Act of 1995 ([L 1995, ch 3], 1995 McKinney’s Session Laws of NY, at 1783) states that the amendment increases the minimum sentence to one-half the maximum "with regard to sentences which may be imposed upon violent felony offenders”. Significantly, it does not state that such a sentence must be imposed for all violent felony offenses.