◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD CORREA, Respondent. [670 NYS2d 513] —Appeal by the People from an order of the Supreme Court, Nassau County (Ort, J.), dated June 3, 1997, which denied their motion pursuant to CPL 440.40 to set aside the sentence imposed upon the defendant on April 29, 1997, of one to three years imprisonment as unauthorized by law.

Ordered that the order is reversed, on the law, the motion is granted, the defendant's sentence is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The defendant was charged under Indictment 95386 with burglary in the second degree and grand larceny in the third degree. After his trial ended in a hung jury, the defendant pleaded guilty to attempted burglary in the second degree, a Class D violent felony, in exchange for a promised sentence of one to three years imprisonment. The People subsequently moved to set aside the negotiated term on the ground that Penal Law § 70.02 (4), as amended by the Sentencing Reform Act of 1995 (L 1995, ch 3, § 4), required the minimum term of

the defendant's sentence to be fixed at one-half of the maximum period because attempted burglary in the second degree is a violent felony offense. The Supreme Court denied the People's motion, concluding that the Sentencing Reform Act of 1995 did not deprive a sentencing court of the discretion to fix the minimum period of an indeterminate sentence at one-third of the maximum for those individuals, such as the defendant, who are convicted of a Class D violent felony offense (*see, People v Correa,* 172 Misc 2d 650). We disagree.

"The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory 'language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words' used" (*People v Finnegan,* 85 NY2d 53, 58, quoting *People ex rel. Harris v Sullivan,* 74 NY2d 305, 309). An examination of the legislative history of the Sentencing Reform Act of 1995 reveals that it was intended to increase "sentences for all classes of violent felons" by requiring that "a first-time violent felon who is sentenced to State prison must receive a minimum term that is one-half of the maximum" (Governor's Approval Mem, Bill Jacket, L 1995, ch 3, at 7). This is a significant departure from prior law, which in most instances required the minimum term imposed upon first time violent felons to be only one-third the maximum (*see,* Governor's Approval Mem, Bill Jacket, L 1995, ch 3). The change in the sentencing scheme is implemented by Penal Law § 70.02 (4), which, as amended, clearly and unambiguously provides that "[t]he minimum period of imprisonment under an indeterminate sentence for a violent felony offense must be fixed by the court at one-half of the maximum term imposed". Accordingly, the sentencing court was not authorized to fix the minimum period of the defendant's indeterminate sentence at one-third of the maximum term imposed, and the People's motion to set aside the sentence as illegal should be granted. We therefore vacate the defendant's sentence and remit the matter to the Supreme Court so that the defendant may either withdraw his plea or accept a lawful sentence (*see, People v Hipp,* 197 AD2d 590).

Furthermore, we find no merit to the defendant's claim that this appeal should be dismissed because he was deprived of his statutory right to be present at the CPL 440.40 proceeding which resulted in the denial of the People's motion to set aside his sentence (*see, People v Roman,* 88 NY2d 18, 26; *People v Favor,* 82 NY2d 254; *People v Baum,* 222 AD2d 444). Miller, J. P., Altman, Krausman and Luciano, JJ., concur.