■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON HARRELL, Also Known as ERIC BROWN, Appellant. [674 NYS2d 689] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 3, 1995, convicting defendant of robbery in the second degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent prison terms of 3 to 6 years and 1 year, respectively, unanimously affirmed.

Defendant's failure to clearly articulate a *Rosario* issue concerning statements made by the complainant in connection with the complainant's prior conviction renders his claim unpreserved (*People v Ortiz*, 209 AD2d 332, *lv denied* 86 NY2d

739), and we decline to reach it in the interest of justice. Were we to review this claim, we would find that the People's failure to supply defendant with statements made by the complainant in connection with a crime the complainant had committed six years before defendant's trial was not a *Rosario* violation, where the prior crime related only to credibility and was elicited by the People merely to blunt the effect of anticipated impeachment and where these statements were unrelated to the charges against defendant (*see, People v Perez*, 65 NY2d 154, 159; *People v Fridman*, 162 AD2d 136, *lv denied* 76 NY2d 893).

The court properly denied defendant's challenge for cause directed against a prospective juror who indicated that he did not believe that a witness's prior criminal record was an important indicator of his credibility, since this view did not preclude him from rendering an impartial verdict (*see*, CPL 270.20 [1] [b]). Concur—Milonas, J. P., Ellerin, Nardelli, Rubin and Andrias, JJ.