■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WALKER, Appellant. [697 NYS2d 592] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered April 29, 1997, convicting defendant, after a jury trial, of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 25 years to life, 25 years to life, 12½ to 25 years, 5 to 15 years, and 2⅓ to 7 years, unanimously affirmed.

Defendant's double jeopardy claims, which are based on the fact that his guilt of the instant crime was established as an aggravating factor during the penalty phase of his Federal prosecution for a capital crime, have been fully litigated before this Court in his unsuccessful CPLR article 78 proceeding (*Matter of Linzer v Torres*, 237 AD2d 999) and thus may not properly be relitigated on this appeal (*see, People v Di Raffaele*, 55 NY2d 234, 243; *People v Sanza*, 201 AD2d 299, *lv denied* 83 NY2d 915). In any event, were we to find that defendant's claims were not barred by res judicata, we would conclude that there was no previous prosecution within the meaning of CPL 40.30.

Since defendant failed to articulate, with sufficient specificity, his claim that the court's adverse inference charge regarding a lost interview tape should have been extended to cover certain other lost tapes involving additional witnesses, this claim is unpreserved (*see, People v Pinera*, 235 AD2d 271, *lv*

*denied* 89 NY2d 1039) and we decline to review it in the interest of justice. Were we to review this claim we would find that the court's adverse inference charge was adequate. Defendant has not established that the additional lost interview tapes pertained to the subject matter of the direct testimony of any of the People's witnesses (*see, People v Brown*, 234 AD2d 15, *lv denied* 89 NY2d 984; *see also, People v Harrell*, 251 AD2d 240, *lv denied* 92 NY2d 925).

The court properly exercised its discretion in admitting evidence of uncharged crimes. Evidence that defendant and the codefendant committed other crimes while in possession of the identical weapon used in the instant crime was highly relevant to the contested issue of identification (*People v Alvino*, 71 NY2d 233, 241-242). The court placed suitable limits on the scope of such evidence, and any undue prejudice to defendant was obviated by the court's instructions to the jury properly limiting consideration of the evidence, which instructions presumably were understood and followed (*People v Davis*, 58 NY2d 1102).

Defendant was not deprived of a fair trial by the challenged portions of the prosecutor's summation, which, in context, constituted appropriate response to the defense summation and fair comment on the evidence. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.