■ The People of the State of New York, Respondent, v Cyrus Wolf, Appellant. [726 NYS2d 83] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered July 1, 1999, convicting defendant, after a jury trial, of commercial bribing in the first degree (two counts), scheme to defraud in the first degree and commercial bribing in the second degree, and sentencing him to three concurrent terms of 5 years probation and a concurrent term of 3 years probation, and imposing an aggregate fine of $16,000 and restitution in the amount of $18,268, unanimously affirmed.

The verdict was based on legally sufficient evidence. As the trial court determined in denying the dismissal motions made by defendant and his codefendants (*People v Reynolds*, 174 Misc 2d 812), defendant's conduct satisfies the elements of commercial bribing in the first and second degrees and scheme to defraud in the first degree. At the outset, we find no support in the record for defendant's assertion that the People are advancing a new theory of liability on appeal.

Defendant was involved in an ongoing conspiracy whereby attorneys such as defendant, acting through middlemen or "pointers," would bribe adjusters of insurance companies to expedite personal injury settlements. Although the payments came out of defendant's fees, and although the People did not allege that the actual settlements were inflated beyond that which would be reasonable compensation for the genuinely injured claimants, defendant's guilt of commercial bribing in the first degree was established in that the "economic harm" to the insurers consisted of the amount illegally paid to the adjusters. That is, by accepting a specified settlement and then turning over a percentage of that settlement to the adjuster, defendant clearly evinced a willingness to settle the claim, at that point in time, for the amount of the settlement minus the amount of the bribe paid to the adjuster.

Thus, a jury could find that each settlement was necessarily inflated by the amount of the bribe (*see, Donemar, Inc. v Molloy*, 252 NY 360; *City of New York v Liberman*, 232 AD2d 42, *lv dismissed* 91 NY2d 1003; *see also, United States v Fagan*, 821 F2d 1002 [5th Cir 1987], *cert denied* 484 US 1005; *United States v George*, 477 F2d 508 [7th Cir 1973], *cert denied* 414 US 827). The $5,000 payment in *City of New York v Liberman* (*supra*) is distinguishable. That payment, unlike the bribes here, was extorted by Liberman after the terms of the lease were already negotiated and agreed upon and without the possibility of affecting the price of the lease. Here, the negotiations of the price of the settlements necessarily took into

consideration the amount to be paid to the adjusters, and thus loaded the settlements by that amount.

With regard to defendant's conviction of scheme to defraud in the first degree, it was not necessary that the People prove that defendant himself made any "false or fraudulent pretenses, representations or promises" to the insurers. We agree with the court's conclusion (*People v Reynolds*, 174 Misc 2d 812, 826-829, *supra*) that the applicable statute (Penal Law § 190.65 [1] [b]) is written in the disjunctive, so that it was sufficient for the People to establish that defendant "engage[d] in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person * * * and so obtain[ed] property with a value in excess of one thousand dollars from one or more such persons." (*See also, People v Brigham*, 261 AD2d 43, 50, *lv withdrawn* 94 NY2d 901.) Furthermore, the evidence warranted the inference that defendant had knowledge of the payments being made to the adjusters through the middlemen or "pointers" he utilized (*see, People v Mattiace*, 77 NY2d 269, 273-274).

The court's striking of the hearsay statements of one of defendant's coconspirators did not render the People's case legally insufficient. The court properly exercised its discretion in denying defendant's mistrial motion made after these statements were stricken, because the testimony was not prejudicial. The less drastic remedy of an instruction to the jury to disregard the testimony would have sufficed but defendant declined that remedy (*see, People v Young*, 48 NY2d 995, 996). The statements and related documents of another coconspirator were properly admitted because a prima facie case of the conspiracy involving defendant and this coconspirator was established without recourse to the declarations sought to be introduced (*see, People v Bac Tran*, 80 NY2d 170, 179; *People v Comfort*, 151 AD2d 1019, *lv denied* 74 NY2d 807).

The court properly denied defendant's motion to set aside the verdict based on an alleged *Rosario* violation discovered after the verdict but before sentencing. The subject Grand Jury minutes did not constitute *Rosario* material in that they did not relate to the subject matter of the witness's testimony at defendant's trial as that testimony related to the charges against defendant (*People v Harrell*, 251 AD2d 240, *lv denied* 92 NY2d 925). In any event, were we to assume that there was a *Rosario* violation, we would conclude that defendant was required to establish prejudice, and that he has not done so.

A showing of prejudice is required because this case is governed by CPL 240.75, effective February 1, 2001, which

eliminates what remains of the "per se" rule of reversal for *Rosario* violations. Contrary to defendant's argument, we see no reason to depart from the principle that "cases on direct appeal are generally decided in accordance with the law as it exists at the time the appellate decision is made" (*People v Vasquez*, 88 NY2d 561, 573), and we ascribe no significance to the fact that defendant perfected and calendared this appeal for the October 2000 Term.

Moreover, a showing of prejudice would have been required regardless of the new enactment. Since the alleged error was not one "appearing in the record," defendant's motion was improperly brought pursuant to CPL 330.30 (1), and was, at best, a de facto CPL 440.10 motion (*see, People v Kronberg*, 243 AD2d 132, 135, 152, *lv denied* 92 NY2d 880; *People v Herrington*, 194 AD2d 379, *lv denied* 82 NY2d 755). Accordingly, it would be necessary for defendant to demonstrate prejudice (*see, People v Machado*, 90 NY2d 187, 192).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Williams, Mazzarelli and Wallach, JJ.