■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONIQUE CARTER, Appellant. [730 NYS2d 733] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered March 22, 1999, convicting her of manslaughter in the first degree and assault in the second degree, upon a jury verdict, and sentencing her to an indeterminate term of 8 to 16 years imprisonment on the conviction of manslaughter in the first degree, and an indeterminate term of 2 to 6 years imprisonment on the conviction of assault in the second degree, to run consecutively to the sentence imposed on the conviction of manslaughter in the first degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the conviction of assault in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The trial court providently exercised its discretion in admitting evidence of an uncharged crime for the purpose of completing the narrative of the episode (*see, People v Farrington,* 272 AD2d 624, 625). "[A]ny undue prejudice to [the] defendant was obviated by the court's instructions to the jury properly limiting consideration of the evidence" (*People v Walker,* 265 AD2d 254, 255).

Contrary to the defendant's contention, her sentence was not

excessive. The court properly exercised its discretion in imposing consecutive terms of imprisonment, as the crimes of which the defendant was convicted involved separate and distinct acts and were violent, resulting in the death of one victim and the injury of the other (*see, People v Brathwaite,* 63 NY2d 839, 843). However, the sentence imposed for the conviction of assault in the second degree was unlawful. The sentencing statute in effect at the time the defendant committed the crime required a minimum sentence for a class D violent felony of one-half the maximum imposed, rather than one-third of the maximum (*see,* Penal Law former § 70.02 [1] [c]; [2] [b]; [4]). Consequently, the sentence imposed for the assault conviction must be vacated and the matter remitted for resentencing (*see, People v Correa,* 248 AD2d 630, 631, *affd* 93 NY2d 821). Altman, J. P., Krausman, Florio and Cozier, JJ., concur.