◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR FERERE, Appellant. [742 NYS2d 884] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered February 11, 1997, convicting him of rape in the first degree, burglary in the first degree (five counts), assault in the second degree (five counts), criminal contempt in the first degree (four counts), assault in the third degree (three counts), reckless endangerment in the second degree, sexual misconduct, petit larceny (two counts), criminal possession of a weapon in the fourth degree (two counts), attempted assault in the third degree, and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly precluded extrinsic evidence offered on the issue of the general credibility of the complainant which was collateral to the ultimate issue in the case (*see People v Inniss,* 83 NY2d 653, 658; *People v Knight,* 80 NY2d 845, 847; *cf. People v*

*Washington,* 278 AD2d 517; *People v Castillo,* 215 AD2d 575; *People v Medina,* 130 AD2d 515, 516).

The complainant's passing references to the defendant having "just come out of jail" do not constitute a ground for reversal. The trial court promptly gave a curative instruction to the jury and admonished the witness, and the references were elicited by the defense counsel, not the prosecutor. In any event, the proof of the defendant's guilt was overwhelming (*see People v Collazo,* 163 AD2d 581; *People v Jeudi,* 139 AD2d 594).

Notwithstanding the defendant's acquittal of the charge of attempted murder in the second degree, the sentencing court's comment that "it was fortuitous that the complainant didn't fall to her death" was not improper in light of the defendant's conviction for reckless endangerment in relation to the same incident (*cf. People v Santiago,* 277 AD2d 258, 259; *People v Menasche,* 224 AD2d 551; *People v Grant,* 191 AD2d 297; *People v Coward,* 100 AD2d 628). The imposition of consecutive sentences was within the sentencing court's discretion (*see People v Brathwaite,* 63 NY2d 839; *People v Carter,* 286 AD2d 773, 774, *lv denied* 97 NY2d 655). Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.