■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASHAWN WINTHROW, Also Known as LASHAUN WITHROP, LASHAWN WITHROW and JABBAR WITHROW, Appellant. [831 NYS2d 415]—

Judgment of resentence, Supreme Court, New York County (Michael J. Obus, J.), rendered June 3, 2005, resentencing defendant, upon his conviction, after a jury trial, of criminal possession of a controlled substance in the first degree, as a second drug felony offender, to a term of 13 years, unanimously affirmed.

Defendant was resentenced, pursuant to the Drug Law Reform Act (L 2004, ch 738), from a term of 15 years to life to a term of 13 years on his first-degree drug possession conviction.

At the time of defendant's original conviction of both first-degree and third-degree possession, his predicate felony status was relevant to his sentence on the third-degree conviction, and the court adjudicated him a second felony offender. At that time he made no claim that his Virginia conviction did not qualify as a predicate felony, and on appeal this Court affirmed, concluding that such issue was unpreserved (239 AD2d 264 [1997], *lv denied* 90 NY2d 899 [1997]). The predicate felony finding is binding in all subsequent proceedings (*see* CPL 400.21 [8]). Although defendant raised the issue at his resentencing, and although, under the new sentencing scheme, his predicate felony status now affects the scope of sentencing upon his first-degree conviction, we find nothing in the Drug Law Reform Act to suggest that a defendant being resentenced under that law is entitled to a de novo determination of his or her predicate felony status where such status was already determined at the time of the initial sentencing. In any event, defendant's Virginia conviction qualifies as a predicate felony. Resort to the out-of-state accusatory instrument is appropriate in this case, and that instrument establishes that defendant's Virginia conviction for distribution of cocaine necessarily constituted the equivalent of a New York felony drug conviction (*see People v Horne*, 18 AD3d 282 [2005], *lv denied* 5 NY3d 790 [2005]).

Defendant's arguments concerning his third-degree possession conviction, upon which he was not resentenced, are not properly before us on this appeal and are in any event without merit.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.