█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN ORTIZ, Appellant. [854 NYS2d 2]—

The court properly denied defendant's motion to dismiss the indictment, which originally charged second-degree murder, made on the ground of preindictment delay. Defendant has not established any prejudice from the 11-year delay, which was caused by the fact that the police had no witnesses or suspects, and, despite good faith efforts, did not ascertain the identity of the perpetrator until after the advent of new fingerprint comparison technology (*see United States v Lovasco,* 431 US 783 [1977]; *People v Singer,* 44 NY2d 241, 252-255 [1978]; *People v Taranovich,* 37 NY2d 442 [1975]). Defendant's arguments to the contrary, including those that improperly cite documents that are not part of the record, are without merit.

Defendant's written and oral waivers, taken together, establish a valid and enforceable waiver of the right to appeal (*see People v Ramos,* 7 NY3d 737 [2006]; *People v Lopez,* 6 NY3d 248 [2006]). The court expressly informed defendant that as a condition of the plea he was agreeing to waive his right to appeal,

and the court separated that right from the rights automatically forfeited by a guilty plea. This waiver forecloses review of defendant's procedural and substantive claims relating to his suppression motion, and his excessive sentence claim. In any event, we find all of these claims without merit. Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.