THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RINCON, Appellant. [879 NYS2d 424]—

Judgment of resentence, Supreme Court, New York County (Ruth Pickholz, J.), rendered April 3, 2008, resentencing defendant upon his conviction of criminal sale of a controlled substance in the second degree, as a second felony offender, to a term of eight years, unanimously affirmed.

Defendant argues that he is entitled to a hearing regarding his claim that the attorney who represented him at his underlying conviction in 2004 rendered ineffective assistance by failing to challenge the constitutionality of defendant's 1994 predicate conviction. We find this argument to be procedurally barred as well as without merit.

Defendant previously appealed from his 2004 conviction, as

well as from the sentencing court's subsequent order which specified and informed defendant that the court would resentence him pursuant to the Drug Law Reform Act (DLRA) (L 2005, ch 643), to a term of eight years. A panel of this Court (40 AD3d 538 [2007], *lv denied* 9 NY3d 880 [2007]) affirmed the judgment and order, and remanded for resentencing. At resentencing, defendant did not exercise his right to withdraw his resentencing application. He asserted, however, that he should not be sentenced as a second felony offender based on his 1994 conviction because the plea allocution in that case was constitutionally defective. He also asserted that the statutory bar to such an untimely claim (*see* CPL 400.21 [7] [b]; [8]) should not apply because the attorney who represented him in 2004 was ineffective for failing to raise the issue.

Initially, we conclude that this ineffective assistance claim is unreviewable on direct appeal because the record does not explain counsel's reasons for declining to challenge the predicate conviction (*see People v Love*, 57 NY2d 998 [1982]). Defendant made a pro se CPL 440.10 motion to vacate the judgment in which he alleged ineffective assistance, but since he did not obtain leave to appeal to this Court, the issues raised on that motion are not reviewable (*see* CPL 450.15 [1]; 460.15; *People v Villegas*, 298 AD2d 122, 123 [2002], *lv denied* 99 NY2d 565 [2002]).

Furthermore, even to the extent the existing record permits review of this claim, it is still procedurally defective. To the extent reviewable on direct appeal, defendant could have raised this issue on his prior appeal to this Court. Instead, defendant challenged his second felony offender adjudication on different grounds, and raised an ineffective assistance claim limited to another aspect of counsel's performance. Moreover, the pertinent portion of the DLRA (L 2005, ch 643, § 1) provides that an appeal from a new sentence imposed under this provision "may be based on the grounds that (i) the term of the new sentence is harsh or excessive; or (ii) that the term of the new sentence is unauthorized as a matter of law." Although we need not decide whether this provision permits a defendant, on an appeal from a resentence, to claim ineffective assistance at *resentencing*, there is no reason to believe it permits such a defendant to claim ineffective assistance at the *original* sentencing (*cf. People v Winthrow*, 38 AD3d 323 [2007] [DLRA resentencing does not permit defendant to relitigate predicate felony status]).

As an alternative holding, we also reject defendant's ineffective assistance claim on the merits (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*,

466 US 668 [1984]). A challenge to the constitutionality of the 1994 plea would have been futile (*see People v Harris*, 61 NY2d 9, 15-16 [1983]), because the minutes of the allocution cast no doubt on defendant's guilt or the voluntariness of his plea (*see People v Toxey*, 86 NY2d 725 [1995]; *People v Moore*, 71 NY2d 1002 [1988]). Accordingly, it was objectively reasonable for counsel to let the predicate felony conviction go unchallenged (*see People v Lane*, 60 NY2d 748, 751 [1983]).

On the present appeal, defendant also argues that the new sentence of eight years is excessive and should be reduced as an exercise of discretion in the interest of justice. Since the identical claim was rejected on the prior appeal from the proposed sentence, the present claim is barred by the doctrine of res judicata (*see People v Walker*, 265 AD2d 254 [1999], *lv denied* 94 NY2d 908 [2000]), and there is nothing in the above-quoted section of the DLRA to suggest that a defendant is entitled to raise the same excessiveness issue twice. As an alternative holding, we perceive no basis for reducing the new sentence. Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.