■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD STANLEY, Appellant. [920 NYS2d 791]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (McGann, J.), imposed March 1, 2010, pursuant to CPL 440.46, after a hearing, upon his conviction of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, which sentence was originally imposed, upon a jury verdict, on April 17, 2006.

Ordered that the resentence is affirmed.

The defendant was originally sentenced, as a second felony of-

fender, to concurrent terms of 12½ to 25 years of imprisonment upon his conviction of criminal possession of a controlled substance in the third degree, 3½ to 7 years upon his conviction of criminal possession of a controlled substance in the fifth degree, and one year upon each of his two convictions of criminally using drug paraphernalia in the second degree. The defendant did not challenge his adjudication as a second felony offender at the time of the original sentence. The defendant appealed from the judgment of conviction, but did not argue on appeal that his adjudication as a second felony offender was improper. The judgment of conviction was affirmed (*see People v Stanley*, 50 AD3d 1066 [2008]).

The defendant subsequently moved for resentencing pursuant to CPL 440.46. In his motion, he argued that his adjudication as a second felony offender was improper because the Florida convictions which formed the basis of his adjudication were not the equivalent of any New York felony. The defendant sought to be resentenced as a first felony drug offender. The resentencing court, however, resentenced the defendant as a second felony offender with a prior violent felony conviction to a term of 10 years of imprisonment with three years of postrelease supervision with respect to his conviction of criminal possession of a controlled substance in the third degree, and a concurrent term of 4½ years of imprisonment with two years of postrelease supervision with respect to his conviction of criminal possession of a controlled substance in the fifth degree.

Contrary to the defendant's contention, he was not entitled to a de novo determination of his predicate felony status at the resentencing proceeding, since his predicate felony status was already determined at the original sentencing, and was not challenged at the original sentencing or on direct appeal (*see People v Winthrow*, 38 AD3d 323, 324 [2007]; *see also People v Loughlin*, 66 NY2d 633, 635, 636 [1985]). The predicate felony finding is binding in all subsequent proceedings (*see* CPL 400.21 [8]). Accordingly, the defendant was properly resentenced as a second felony offender with a prior violent felony conviction.

Furthermore, as this is an appeal from a resentence pursuant to CPL 440.46, the defendant's contention that his counsel at the original sentencing was ineffective is not properly before this Court (*see People v Rincon*, 62 AD3d 574, 575 [2009]). Rivera, J.P., Chambers, Hall and Lott, JJ., concur.