■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIQUE MACK, Appellant. [953 NYS2d 583]—

Judgment, Supreme Court, New York County (Analisa Torres, J.), rendered July 8, 2010, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]).

The court properly denied defendant's request that the People provide minutes of an expert witness's testimony in unrelated trials in which the expert testified on the same issue as in defendant's trial. The People must disclose any recorded statement in its possession or control "made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony" (CPL 240.45 [1] [a]; see People v Rosario, 9 NY2d 286 [1961], cert denied 368 US 866 [1961]). However, the "relates to the subject matter" requirement is generally interpreted to refer to the charges against the particular defendant (see e.g. People v Harrell, 251 AD2d 240 [1998], lv denied 92 NY2d 923 [1998]). There is no authority for the proposition that this requirement applies to an expert's testimony on the same issue in factually unrelated cases. The rule proposed by defendant would be burdensome and unworkable. We note that in this case, the officer had previously testified approximately 30 times concerning his expertise in street-level narcotics dealing.

The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court's finding that none of the nondiscriminatory reasons provided by the prosecutor for the challenge in question were pretextual. This finding, based primarily on the court's assessment of the prosecutor's credibility, is entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). The court correctly determined that when the prosecutor cited a prospective juror's residence in a housing project as a basis for challenging her, this was not a pretext. The prosecutor articulated his concern that the panelist may have had contact with a key police witness as the result of her residence in the

project (see *People v Sanchez*, 302 AD2d 282, 282-283 [1st Dept 2003], *lv denied* 100 NY2d 542 [2003]). We also note that the prosecutor provided two additional reasons that were undisputedly nonpretextual. In any event, the record establishes that discrimination did not contribute to the peremptory challenge in any manner.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.