(February 19, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN PERRY, Appellant. [959 NYS2d 203]—

Judgment, Supreme Court, Bronx County (Colleen D. Duffy, J.), rendered August 20, 2010, as amended March 19, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of four years, unanimously affirmed.

Upon review of the unredacted memo book entries of the testifying arresting officer for the day in question, we find no reasonable possibility that the redaction of entries for earlier that day, even assuming that they were sufficiently related to the subject matter of the officer's direct testimony, materially contributed to the verdict or created the prejudice required to justify a reversal on *Rosario* grounds (*see* CPL 240.75; *People v Tucker*, 40 AD3d 1213, 1215 [3d Dept 2007], *lv denied* 9 NY3d 882 [2007]; *People v Wolf*, 284 AD2d 102 [1st Dept 2001], *mod on other grounds* 98 NY2d 105 [2002]).

The purported inconsistencies between the arresting officer's trial testimony and his statements in the complaint or the supporting deposition were so minor that the trial court's limitation of counsel's ability to cross-examine him in regard to them was harmless error. There is no reasonable likelihood that the jury would have discredited the officer's testimony upon learning of these discrepancies (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

Defendant failed to preserve his present argument that the glassines were improperly admitted into evidence based on the inaccuracy in the testimony of a chemist, who indicated that the

substance she analyzed in People's exhibit 3 was designated by the voucher number 363084, in contrast to the testimony of the arresting officer and the other chemist, indicating that voucher number 363083 correlated with People's exhibit 3 and voucher number 363084 correlated with People's exhibit 4 (*see People v Gray*, 86 NY2d 10, 19-20 [1995]). Nor is there any reason to reach the issue in the interest of justice, since it is clear from the record that the prosecutor simply misspoke when she associated People's exhibit 3 with voucher number P363084, which error the chemist simply failed to notice, and which would have been corrected had a specific objection or observation of the error been made.

Giving the necessary "great deference" to the trial court's *Batson* ruling as to whether the defense's proffered race-neutral reason was pretextual (*see People v Hecker*, 15 NY3d 625, 656 [2010], *cert denied* 563 US —, 131 S Ct 2117 [2011]; *People v Perez*, 37 AD3d 152, 155 [1st Dept 2007]), we find that the ruling does not create grounds for reversal. Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.