# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**229**

**KA 12-00550**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STEVEN T. O'NEIL, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 1, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of, inter alia, grand larceny in the third degree (§ 155.35 [1]) and criminal possession of stolen property in the third degree (§ 165.50). The conviction of grand larceny in the third degree in appeal No. 2 served as the predicate felony relied upon by County Court when it sentenced defendant as a second felony offender in appeal No. 1.

Addressing appeal No. 2 first, we note that defendant failed to preserve for our review his challenges to the voluntariness and factual sufficiency of his plea because he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Lawrence*, 118 AD3d 1501, 1501; *cf. People v Frysinger*, 111 AD3d 1397, 1398). Contrary to defendant's contention, the narrow exception to the preservation requirement does not apply, inasmuch as "[t]his is not one of those rare cases 'where the defendant's recitation of the facts underlying the crime[s] pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea[]' to obviate the preservation requirement" (*People v Rodriguez*, 17 AD3d 1127, 1129, *lv denied* 5 NY3d 768, quoting *People v Lopez*, 71 NY2d 662, 666).

Contrary to defendant's contention in appeal No. 1, defense counsel's failure to challenge the validity of the conviction in appeal No. 2 before defendant accepted the plea bargain in appeal No. 1 does not constitute ineffective assistance of counsel because that challenge would have had little or no chance of success (*see generally People v Caban*, 5 NY3d 143, 152; *People v Rincon*, 62 AD3d 574, 575-576, *lv denied* 13 NY3d 748).

As defendant correctly concedes, his contention in appeal No. 1 that he was not properly adjudicated to be a second felony offender due to the invalidity of his plea in appeal No. 2 is without merit where, as here, we are affirming the judgment in appeal No. 2.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court