(January 26, 2016)

■ The People of the State of New York, Respondent, v Herbie Brown, Appellant. [22 NYS3d 870]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered September 6, 2012, as amended October 2, 2012, convicting defendant, upon his plea of guilty, of identity theft in the first degree (two counts), grand larceny in the third degree (two counts), criminal possession of stolen property in the third degree (two counts), computer trespass and unlawful possession of personal identification information in the third degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.

Defendant's claim that his out-of-state conviction was not the equivalent of a New York felony is unpreserved because there was neither a timely objection before the sentencing court nor was the issue raised by a CPL 440.20 motion (*see People v Jurgins*, 26 NY3d 607 [2015]). We decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The foreign statute at issue is equivalent to a New York felony (*see* Penal Law § 155.00 [3]; *Matter of Reinaldo O.*, 250 AD2d 502 [1st Dept 1998], *lv denied* 92 NY2d 809 [1998]; *People v Kirnon*, 39 AD2d 666, 667 [1972], *affd* 31 NY2d 877 [1972]; *see also People v Barden*, 117 AD3d 216, 232-235 [1st Dept 2014], *lv granted* 24 NY2d 959 [2014]).

The sentence was properly enhanced for defendant's failure to comply with a condition unambiguously set forth by the court (*see People v Cataldo*, 39 NY2d 578, 580 [1976]; *People v Baptiste*, 116 AD3d 588 [1st Dept 2014], *lv denied* 24 NY3d 1081 [2014]), and we perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.