People v Jolivert (2024 NY Slip Op 00279)

People v Jolivert

2024 NY Slip Op 00279

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Ind. No. 1231/15 Appeal No. 1517 Case No. 2018-4786 

[*1]The People of the State of New York, Respondent,
v
Jonathan Jolivert, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert E. Torres, J., on motion to dismiss; Michael A. Gross, J., at jury trial and sentencing), rendered June 28, 2018, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The DNA evidence provided overwhelming circumstantial evidence of guilt, and there is no basis for disturbing the jury's credibility determinations as to the parties' experts (see People v Whetstone, 136 AD3d 476 [1st Dept 2016], lv denied 27 NY3d 1009 [2016]).
Defendant's claims of prosecutorial misconduct, specifically that the prosecutor elicited misleading testimony from the People's DNA expert and overstated the DNA evidence on summation, are concededly unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that any misconduct was not so egregious as to have deprived defendant of a fair trial. While there appears to be a contradiction between the expert's testimony and her prior lab reports as to whether male DNA was extracted from the scarf that was used to strangle the victim, any discrepancy was minimally prejudicial, since the evidence would have pertained only to the potential sex, and not the identity, of the perpetrator. Furthermore, the evidence established that defendant's DNA was recovered from under several of the victim's fingernails. The prosecutor's comments on summation were fair inferences that may be drawn from the evidence (see People v Haynes, 171 AD2D 242 [1st Dept 1991], lv denied 78 NY2d 967 [1991]).
Defendant's ineffective assistance claims, based on trial counsel's failure to adequately challenge the DNA evidence, are unreviewable because this Court had denied defendant leave to appeal from the order denying his CPL 440.10 motion raising the same arguments (see People v Rincon, 62 AD3d 574, 575 [1st Dept 2009], lv denied 13 NY3d 748 [2009]). Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
Defendant's motion to dismiss the indictment on grounds of preindictment delay was properly denied. The 22-year delay in the prosecution of this case was not due to bad faith, but the result of the lack of technology required to conduct the necessary DNA analysis at the time of the 1993 murder (see People v Rolle, 59 AD3d 169, 170 [1st Dept 2009], lv denied 12 NY3d 920 [2009]; People v Ortiz, 49 AD3d 279, 279 [1st Dept 2008], lv denied 10 NY3d 868 [2008]; cf. People v Regan, 39 NY3d 459 [2023]). The other relevant [*2]factors under People v Taranovich (37 NY2d 442, 445 [1975]), including the seriousness of the murder charge, militated against dismissal (see People v Wiggins, 31 NY3d 1, 16 [2018]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024