People v Williams (2025 NY Slip Op 02279)

People v Williams

2025 NY Slip Op 02279

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Ind No. 2387/18|Appeal No. 4136|Case No. 2021-02698|

[*1]The People of the State of New York, Respondent,
v
Kevin Williams, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Nicholas E. Justiz of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marsha D. Michael, J.), rendered June 30, 2021, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.
The court properly denied defendant's suppression motion. The testifying officer observed defendant urinating on a public sidewalk, in violation of the Administrative Code of the City of New York (see Administrative Code § 16-118[6]). This conduct provided the police with a basis to approach defendant to issue a summons or, in their discretion, to effectuate his arrest (see People v Miranda, 19 NY3d 912, 913 n * [2012]; see also People v McCorkle, 111 AD3d 557, 558 [1st Dept 2013], lv denied 24 NY3d 963 [2014]). When the officers observed a knife in defendant's waistband as they approached him, they were authorized to frisk him as a "protective measure" (see People v Terrance, 101 AD3d 624, 625 [1st Dept 2012], lv denied 20 NY3d 1065 [2013]). Accordingly, the gun discovered during that frisk was lawfully recovered.
Defendant's challenge to his adjudication as a second felony offender on the ground "that his out-of-state conviction was not the equivalent of a New York felony is unpreserved because there was neither a timely objection before the sentencing court nor was the issue raised by a CPL 440.20 motion" (People v Brown, 135 AD3d 605, 606 [1st Dept 2016], lv denied 27 NY3d 993 [2016]; see People v Jurgins, 26 NY3d 607, 612 [2015]), and we decline to review it in the interest of justice. Defendant's ineffective assistance of counsel claim "is unreviewable on direct appeal because the record does not explain counsel's reasons for declining to challenge the predicate conviction" (People v Rincon, 62 AD3d 574, 575 [1st Dept 2009], lv denied 13 NY3d 748 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025