■ The People of the State of New York, Respondent, v Jesus Sanchez, Appellant. [754 NYS2d 639] —Judgment, Supreme Court, Bronx County (John Moore, J.), rendered June 15, 2000, convicting defendant, after a jury trial, of kidnapping in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 12½ to 25 years and 7½ to 15 years, respectively, unanimously affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). The voir dire record establishes that the prosecutor had a genuine, particularized

concern about panelists who resided in a certain neighborhood, and that this concern was not based on race. Defendant's argument that the prosecutor was mistaken as to the residence of one of the panelists at issue is unpreserved (*People v Allen*, 86 NY2d 101, 111), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the prosecutor's honestly held belief, even if factually mistaken, provided a nonpretextual reason for challenging the panelist (*see People v Sprague*, 280 AD2d 954).

Since a 911 call was not substantially contemporaneous with the events related, a tape recording of the call was improperly admitted under the present sense exception to the hearsay rule (*see People v Vasquez*, 88 NY2d 561, 578). However, the error was harmless (*see People v Kello*, 96 NY2d 740, 743-744). Defendant's claim that his right of confrontation was violated by the admission of the tape is unpreserved (*id.*), and we decline to review it in the interest of justice. Were we to review this claim, we would also find any error to be harmless.

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial. Where appropriate, the court sustained defendant's objections, and its prompt curative instructions prevented any prejudice. The other remarks at issue were fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.