■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX ALVARADO, Appellant. [759 NYS2d 659] —Judgment, Supreme Court, Bronx County (Max Sayah, J.), rendered July 16, 1993, convicting defendant, after a jury trial, of attempted murder in the second degree, burglary in the first and third degrees and assault in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 to 20 years, unanimously affirmed.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). The court correctly determined that even if the prosecutor's race-neutral reason for challenging one panelist was the result of the prosecutor's mistake in his recollection of the juror's answers, this was an honest mistake and not a pretext for intentional discrimination (*see People v Sanchez*, 302 AD2d 282 [2003]). Defendant failed to carry his burden of demonstrating any

discriminatory intent, and the court's factual determination is entitled to great deference on appeal (*People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]; *see also Miller-El v Cockrell*, 537 US 322, 324 [2003]).

With regard to the other three panelists at issue, by failing, at step three of the *Batson* application, to raise any arguments as to why the prosecutor's facially race-neutral explanations for his peremptory challenges were pretextual, defendant failed to preserve his present claims (*see People v Smocum*, 99 NY2d 418 [2003]), and we decline to review them in the interest of justice. In the circumstances presented, defendant's unelaborated "exceptions" did not preserve his present claims or satisfy his step-three burden. In any event, the record supports the court's findings (*see People v Hernandez, supra*). Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.