■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC POOLE, Appellant. [782 NYS2d 88]—

Judgments, Supreme Court, New York County (Charles H. Solomon, J.), rendered December 12, 2002, convicting defendant, after a jury trial, of robbery in the first and second degrees, criminal possession of a weapon in the second and third degrees, and bail jumping in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25, 15, 15 and 7 years on the robbery and weapon possession convictions, and a consecutive term of 2 to 4 years on the bail-jumping conviction, unanimously affirmed. Judgment, same court (Daniel P. FitzGerald, J.), rendered December 12, 2002, convicting defendant, after a jury trial, of assault in the first and second degrees and aggravated criminal contempt, and sentencing him, as a second violent felony offender, to concurrent terms of 25, 7 and 3½ to 7 years, to be served consecutively to the sentences imposed for robbery, weapon possession and bail jumping, unanimously affirmed.

Defendant failed to preserve his argument that, in his trial for robbery, weapon possession and bail jumping, the prosecutor's race-neutral reasons for striking three African-American venirewomen were pretextual (*see People v Smocum*, 99 NY2d 418 [2003]; *People v Alvarado*, 306 AD2d 18, 19 [2003], *lv denied* 100 NY2d 578 [2003]), and we decline to review it in the interest of justice. Were we to consider this claim, we would find that the record supports the court's finding that the nondiscriminatory employment and demeanor-related reasons provided by the prosecutor for the challenges in question were not pretextual.

This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), and we do not find any disparate treatment by the prosecutor of similarly situated panelists.

With respect to defendant's conviction for assault and criminal contempt, the notice requirement of CPL 710.30 (1) (a) was satisfied because defendant's statement to a detective was similar to his other statements to police officers, which were mentioned in the People's voluntary disclosure form (*see People v Ventura*, 250 AD2d 403 [1998], *lv denied* 92 NY2d 931 [1998]). Even if we were to find that defendant's statement to the detective should not have been admitted at trial, we would find any error to be harmless in light of the overwhelming evidence of defendant's guilt.

We perceive no basis for reducing the sentences. Concur—Nardelli, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.