**Jesus SANCHEZ, Petitioner–Appellant,**

v.

**William PHILLIPS, Superintendent of Green Haven Correctional Facility, Respondent–Appellee.**

No. 08–0945–pr.

United States Court of Appeals, Second Circuit.

June 19, 2009.

Steven J. Miraglia, The Legal Aid Society, New York, NY, for Appellant.

Nancy D. Killian, Assistant District Attorney, (Joseph N. Ferdenzi, Assistant District Attorney, *on the brief)*, for Robert T. Johnson, District Attorney for Bronx County, Bronx, NY, for Appellee.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Jesus Sanchez appeals from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*), entered on June 27, 2007, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Following a jury trial before the New York Supreme Court in the Bronx, Sanchez was convicted of kidnapping in the second degree, N.Y. Penal Law § 135.20, and criminal possession of a weapon in the second degree, N.Y. Penal Law § 265.03. We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.

Between the first and second day of voir dire in this case, a jury in Albany acquitted four white New York City police officers of all criminal charges related to the shooting death of Amadou Diallo, a black man, as he stood unarmed outside his apartment in the Soundview neighborhood of the Bronx. *See* Jane Fritsch, *The Diallo Verdict: The Overview; 4 Officers in Diallo Shooting Are Acquitted of All Charges,* N.Y. Times, February 26, 2000, at A1. The prosecutor expressed concern that protests against the Bronx District Attorney's Office after the Diallo verdict would affect jurors' ability to be fair in this case. The trial court decided to ask jurors about their views of the Bronx District Attorney's Office without specific reference to the Diallo case. None of the jurors expressed negative perceptions of either the police or the district attorney's office. The prosecutor later exercised peremptory challenges against five of seven black jurors. Sanchez's defense counsel argued to the trial court that these challenges violated the Equal Protection Clause under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court rejected the *Batson* claim, the New York Appellate Division agreed in affirming the conviction, *People v. Sanchez,* 302 A.D.2d 282, 754 N.Y.S.2d 639 (App. Div. 1st Dep't 2003), and the New York Court of Appeals denied leave to appeal, *People v. Sanchez,*

100 N.Y.2d 542, 763 N.Y.S.2d 8, 793 N.E.2d 422 (May 16, 2003) (Read, J.).

The subject of Sanchez's habeas petition is the prosecutor's strikes of two black jurors based on residence in the Soundview neighborhood. The trial court found residence in the Soundview neighborhood was a race-neutral reason for exercising the challenges, and that the prosecutor's reason was not a pretext for racial discrimination. Although the magistrate judge recommended to the district court that Sanchez's habeas petition be granted based on his *Batson* claim, the district court denied Sanchez's habeas petition and declined to grant a certificate of appealability. On May 14, 2008, this Court granted a certificate of appealability with regard to Sanchez's *Batson* claim.

*Batson* sets forth a three-step inquiry for evaluating a claim that a peremptory challenge was based on race in violation of the Equal Protection Clause:

> First, the defendant must establish a *prima facie* case of discrimination. Second, the prosecutor must offer an explanation for the strike that is, on its face, race-neutral. Third, the trial court must determine whether the defendant has carried her burden of proving that the government's proffered reason was pretextual, and that the strike was indeed motivated by purposeful discrimination.

*United States v. Brown*, 352 F.3d 654, 660 (2d Cir.2003) (citing *Batson*, 476 U.S. at 97–98, 106 S.Ct. 1712 (1986)). The state court's application of *Batson* step one and two are not in dispute in this case. The relevant inquiry at the third step of *Batson* concerns the credibility of the prosecutor's race-neutral explanation for striking the jurors. *See McKinney v. Artuz*, 326 F.3d 87, 98 (2d Cir.2003). Because Sanchez's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C.

§ 2254, the question is whether the trial court's conclusion "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2); *see also Rice v. Collins*, 546 U.S. 333, 341, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006).

 The trial court's stated reasons support its determination that the prosecutor's race-neutral explanation was credible. The trial court reasonably determined that the prosecutor was genuinely concerned with the possibility that Soundview residents would experience particularly acute reactions to the NYPD or the Bronx District Attorney's Office as a result of the publicity and protests following the *Diallo* verdict. In addition to the trial court's explicit reasoning, the credibility determination is bolstered by the fact that the prosecutor challenged all jurors that she believed were Soundview residents. *Cf. Snyder v. Louisiana*, 552 U.S. 472, 128 S.Ct. 1203, 1211, 170 L.Ed.2d 175 (2008) (finding a prosecutor's explanation implausible where similarly situated white jurors with conflicting obligations were not challenged). The prosecutor was mistaken about one of the jurors who did not actually live in Soundview. However, Sanchez failed to argue before the trial court that the challenged juror did not reside in Soundview, and the Appellate Division deemed this argument unpreserved. *See Sanchez*, 754 N.Y.S.2d at 640–41. The Appellate Division's finding that this aspect of Sanchez's *Batson* claim was unpreserved for appellate review is an independent and adequate state ground that bars granting habeas relief based on the prosecutor's mistaken belief. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Sanchez offers several facts that arguably discredit the prosecutor's stated concern with residents of the Soundview

neighborhood, including the publicity surrounding the Diallo verdict extending beyond the Soundview neighborhood, the prosecutor's failure to ask any struck jurors questions regarding the Diallo case, and the lack of similarly racially-charged events in his own case. That Sanchez presents reasons to disagree with the trial court's credibility assessment, however, is insufficient to overturn that assessment on habeas review. *See Rice*, 546 U.S. at 341–42, 126 S.Ct. 969 ("Reasonable minds reviewing the record might disagree about the prosecutor's credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination."); *DeBerry v. Portuondo*, 403 F.3d 57, 69 (2d Cir.2005) (affirming the trial court's credibility determination on habeas review even though "[a] finding rejecting the prosecutor's explanations would have been supported by the record"). The trial court was entitled to credit the prosecutor's race-neutral explanation where Diallo was killed in the Soundview neighborhood, there were protests in the Soundview neighborhood, and the prosecutor challenged every juror that she believed to be a Soundview resident. Sanchez has not shown that the trial court's credibility determination was unreasonable. Sanchez's other arguments are without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.